# STATE OF MICHIGAN

# COURT OF APPEALS

FIFAREK HOUSE TRUST,

UNPUBLISHED
March 7, 2017

Petitioner-Appellant,

v

No. 330489
Tax Tribunal
LC No. 15-000793-TT

TOWNSHIP OF LONG LAKE,

Respondent-Appellee.

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and METER, JJ.

RONAYNE KRAUSE, P.J. *(dissenting)*

I respectfully dissent.

The Fifarek House Trust was created March 14, 2009, by Robert L. Fifarek and Dorothy A. Fifarek.[1] Robert and Dorothy were the original trustees, and the Trust named two of their children, Rosanne Fifarek and John R. Fifarek, as successor trustees, with instructions to distribute the Trust assets to all four of their children (Rosanne and John, as well as Jo Fifarek and James R. Fifarek). Dorothy died on April 14, 2012. Robert died on August 14, 2014. Rosanne declined successor trusteeship and John accepted it, making John the sole trustee. On September 11, 2014, the Trust published the notice to creditors required by MCL 700.7608. Pursuant to MCL 700.3801(1), creditors therefore had four months within which to present claims against the Trust. The Township subsequently notified the Trust that pursuant to MCL 211.27a(3) it was uncapping the taxable value of the real property owned by the Trust, increasing the taxable value by almost 65%, on the grounds that a transfer of ownership had occurred in 2014 pursuant to the then-current version of MCL 211.27a(6)(e). The issue in this case is whether a "transfer of ownership" occurred within the meaning of the statute, which was changed shortly thereafter, at the time of Robert's death.

Pursuant to 2013 PA 50, at the time of Robert's death, a "transfer of ownership" under MCL 211.27a(6)(e) was defined as "the conveyance of title to or a present interest in property, including the beneficial use of the property, the value of which is substantially equal to the value of the fee interest," including but not limited to "[a] change in the sole present beneficiary or

---

[1] To avoid confusion, I will refer to the parties by name.

-1-

beneficiaries of a trust, except a change that adds or substitutes the spouse of the sole present beneficiary." Furthermore, MCL 211.27a(7)(s) specifically excluded from the definition of a "transfer of ownership" any "transfer of residential real property if the transferee is related to the transferor by blood or affinity to the first degree and the use of the residential real property does not change following the transfer." Effective October 10, 2014, that statute was amended by 2014 PA 310 with the practical effect of transferring the exception in former MCL 211.27a(7)(s), which was moved to (7)(t), under MCL 211.27a(6)(e)(*ii*) for events on December 31, 2014, onward, but specifically referring to "distributees."[2]

At all relevant times, the property at issue has been titled in the Trust, so there is apparently no dispute that no "conveyance *of title to*" (emphasis added) the property could have occurred. Furthermore, there has been no distribution of Trust assets. As the majority states, the real question in this matter is whether a "change in the sole present beneficiary or beneficiaries of [the] trust" occurred upon Robert's death. I find it did not, for two obvious reasons.

First, assuming *any* conceivable kind of transfer occurred, MCL 211.27a(7)(s) excluded "transfers of real property" to transferees "related to the transferor by blood or affinity to the first degree" if the use of the property did not change. Both the successor trustees and the Trust's stated intended distributees are related by blood or affinity to the first degree, being the original Trust settlors' children. I have found no case law interpreting the language "the use of the residential real property does not change following the transfer," but because MCL 211.27a(6)(e)(*ii*) appears to be intended to cover the same general subject matter and clarifies that it does not permit a shift from residential to commercial usage, I infer that no change to the use of the property occurred. Clearly, then, MCL 211.27a(7)(s) would definitionally exclude any transfer that may have occurred from being a "transfer of real property" under MCL 211.27a(6)(e). Nowhere in the statute is any articulation that "transfer of real property" is supposed to mean one thing in one subsection and another thing elsewhere within the same statute. I find confusing the Tax Tribunal's and the majority's conclusion that this definitional exclusion does not apply.

Second, I am not persuaded that a "*present interest* in [the] property" (emphasis added) was conveyed upon Robert's death. The Trust document clearly sets forth that the *original* settlors, Robert and Dorothy, had essentially unlimited powers as trustees to, in relevant part, "withdraw any asset from the Trust." However, this is equally clearly not true for *successor* trustees. The Trust specifies that the successors are empowered only to distribute the Trust's assets to the children equally, with their discretion strictly limited to the manner in which to do so, which expressly might include selling the property and distributing the proceeds of the sale. As trustees, the successors clearly have no real beneficial interest in the property, and as children, there is no *present* interest in the property unless the successor trustees choose to

---

[2] MCL 211.27a(6)(e)(*ii*) was added to read: "[b]eginning December 31, 2014, for residential real property, if the distributee is the decedent's or the decedent's spouse's mother, father, brother, sister, son, daughter, adopted son, adopted daughter, grandson, or granddaughter and the residential real property is not used for any commercial purpose following the conveyance."

distribute it to them.  The Trust is the only entity with title *or* a present interest in the property, as was the case prior to Robert's death.

I would reverse.

/s/ Amy Ronayne Krause